UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04 CR 15 SNLJ (ACL) |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY A. BOYCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING PRELIMINARY HEARING AND DETENTION HEARING

The Defendant is before the Court on a Petition (Doc. 187) by the United States Probation Office alleging that the Defendant violated the conditions of supervised release previously imposed by the Court and seeking revocation of the Defendant's supervised release. The Honorable Stephen N. Limbaugh, Jr., signed the Petition on August 25, 2017, which included an Order that an arrest warrant be issued.

Pursuant to Fed. R. Crim. P. 32.1(b)(1)(A), a Preliminary Supervised Release Revocation Hearing was scheduled. On August 30, 2017, the Defendant appeared with counsel, Michael A. Skrien, and the Defendant orally waived his right to the preliminary hearing. In light of the Defendant's waiver, the Court finds that there is probable cause to believe the Defendant committed the violations alleged in the aforementioned Petition. As such, the facts set out in the Petition are adopted and incorporated as if fully set out herein. The undersigned notes that a First Amended Petition (Doc. 191) was filed on August 30, 2017, which includes additional details regarding the alleged location monitoring violations.

A detention hearing was also held on August 30, 2017, in accordance with Fed. R. Crim. P. 32.1(a)(6) and the Bail Reform Act, 18 U.S.C. §3143(a)(1). Neither party objected to the facts set out in the written report (Doc. 183) submitted to the Court by the Pretrial Services Office.

The Defendant's statements during the hearing, his pastor's testimony/letter, and the thoughtful argument of defense counsel caused the undersigned to seriously consider releasing the Defendant on a bond so that he could attend his uncle's funeral, followed by GPS restrictions and home confinement. After consideration of all the facts and circumstances set out below, however, the undersigned concludes that the Defendant has failed to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

The Defendant's supervised release term began on November 10, 2016. Since then, the Defendant has been cited for:

i) failing to timely resolve a speeding ticket that was issued on March 14, 2017, or to appear in court as directed, which resulted in a warrant being issued for his arrest;

ii) failing to complete the required monthly, written report within the required timeframe on multiple occasions, including complete failure to submit the monthly reports for November and December 2016, as well as January and February 2016;

iii) failing to arrange an appropriate plan for supporting his dependents[1] in a timely manner;

---

[1] The Defendant has eight children between the ages of fourteen and twenty-two from relationships with seven different women. (Doc. 183 at 2.) Although the Defendant has six children under the age of fifteen, it is reported that he is only required to pay $50 per month in child support and he is $1,000 in arrears. *Id.*

iv) failing to maintain full time employment[2] and when confronted about the failure responding that the "condition doesn't state that I have to work full time";

v) failing to appear for drug testing on three occasions including November 19, 2016, as well as February 16 and May 16, 2017;

vi) failing to attend Moral Reconation Therapy on ten occasions (April 25; May 9, 16, 23, and 30; June 6; July 11, 18 and 25; and August 22, 2017);

vii) failing to be truthful with the Probation Officer; and

viii) failing to abide by location monitoring restrictions in that a substantial number[3] of unauthorized travel incidents were reportedly detected by the location monitoring device between August 6 and August 22, 2017.

*See* Docs. 177, 179, 187. In regard to the location monitoring (LM) violations which began occurring immediately following the modification of the Defendant's supervised release conditions to include LM, on August 16, 2017, the Defendant stated "it was hard for him to know everywhere he intends to go throughout the day" and that he had complications with his car. (Doc. 187 at 3.)

In a Request for Modifying the Conditions of Supervision dated July 31, 2017, it was noted that the Defendant "continues to present with a poor attitude which includes excessive arguing, denial of any noncompliance, and a refusal to participate in problem solving efforts designed to address noncompliance." (Doc. 179 at 6.)

During the hearing, the Defendant spoke freely about the alleged violations. He claimed it was not possible for him to request permission for all of his travel needs. He also

---

[2] The Pretrial Services Report reflects the Defendant was unemployed from October 15, 2016 through March 22, 2017. (Doc. 183 at 2.)

[3] According to the Government's interpretation of the GPS report for the Defendant's ankle bracelet, there were more than 100 unauthorized travel incidents.

shared his view that a number of his supervised release conditions were not beneficial to him and that he wanted those conditions to be removed.  The Defendant expressed anger related to his conviction in this case which he believes was based on lies.  He was originally sentenced to 63 months imprisonment.  Upon resentencing the sentence was increased to 327 months imprisonment.  That sentence was ultimately reduced to 168 months imprisonment in light of various Supreme Court cases and modifications to the United States Sentencing Guidelines.  The Defendant vehemently exclaimed that he will not flee.  Additionally, the Defendant's pastor, Samuel Johnson, testified and submitted a letter (Defendant's Exhibit A) on the Defendant's behalf.

The Defendant's prior criminal history dates back to his early teenage years.  When he was thirteen years old he was convicted of *Property Damage*.  Two years later he was convicted of *Receiving Stolen Property*.  By the age of sixteen, the Defendant was convicted of *Resisting Arrest* and he was committed to the Division of Youth Services; the Order was stayed and he was placed on house arrest.  Roughly one month after the termination of the house arrest restriction, on February 21, 1994, the Defendant was charged with *Assault Second Degree*.  He was sentenced to a seven year suspended sentence and placed on probation.  That probation was revoked in February 1996.  The Defendant served more than five years in prison and was released to parole on March 22, 2001.  His probation was revoked a second time and he was returned to custody seven months later on October 29, 2001. More than one year later, he was released from custody.  Approximately fourteen months later, the Defendant was charged with *Possession with Intent to Distribute more than five grams of Cocaine Base*.  He was convicted of the charge and served 168 months imprisonment.

The Defendant's four-year supervised release term began less than ten months ago. In addition, to the previously mentioned failure to appear warrant that was issued for a speeding violation committed by the Defendant in March 2017, the Defendant was charged with Driving While License Suspended in July 2017. That case is still pending and the undersigned deduces the Defendant's license must have been suspended as a result of failing to stay current with his child support obligation.

The Defendant also has a history related to ex parte orders of protection being sought against him. In September of 2003, Jacque Dowell was granted an order of protection. She withdrew her petition several days after the request. One month later, Jacque Dowell requested a second order of protection and it was granted; a full order of protection was entered and effective for one year. Earlier this year, on January 18, 2017, Yuknica Kimble was granted an order of protection, however, it was dismissed when she failed to appear for a hearing set on February 21, 2017. Both Dowell and Kimble have been involved in romantic relationships with the Defendant.

After considering the complete record made during the hearing and the facts asserted in the aforementioned supervision pleadings (Docs. 177, 179, 187), the undersigned finds that the Defendant has failed to establish by clear and convincing evidence that he will not pose a risk of flight or a danger to any other person or to the community.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant be detained pending a Final Revocation hearing before the Honorable Stephen N. Limbaugh, Jr., on September 5, 2017 at 1:40 p.m.

**IT IS FURTHER ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. The Defendant shall be afforded a reasonable opportunity for private consultations with counsel.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 31, 2017

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE